1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL LEE JOHNSON,

11            Petitioner,                    No. CIV S-07-1161 GEB EFB P

12        vs.

13   SUPERIOR COURT OF CALIFORNIA,
     COUNTY OF SHASTA, et al.,        FINDINGS AND RECOMMENDATIONS
14
              Respondents.
15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  This action proceeds on the June 15, 2007, petition.  On November 20, 2007,

18   respondents moved to dismiss this action upon the ground petitioner failed to exhaust state

19   remedies.  On January 10, 2008, the court ordered petitioner to file either an opposition to

20   respondents' motion or a statement of no opposition.  On March 12, 2008, petitioner filed a letter

21   stating:

22        I received a responce [sic] in regards to my writ of habeas corpus.  It said, that I
          did not present my claims with the California Supreme Court.  My understanding
23        was you wouldn't even look into this case unless I had exhausted my remedies.
          Your honor, I sent you the facts of the matter showing issues never mentioned.
24        What I need from you is some direction a better understanding in how to perform
          at this point.
25

26   *See* March 12, 2008, Letter, at 1.  Appended to petitioner's letter is a petition for review directed

                                          1

1    to the California Supreme Court.

2         A district court may not grant a petition for a writ of habeas corpus unless "the applicant

3    has exhausted the remedies available in the courts of the State," or unless there is no State

4    corrective process or "circumstances exist that render such process ineffective to protect the

5    rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

6    requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

7    *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented

8    operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365

9    (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are

10   asserting claims under the United States Constitution").  A claim is unexhausted if any state

11   remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek

12   discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th

13   Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's

14   denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower

15   court's disposition of that appeal to state supreme court).   Unless the respondent specifically

16   consents to the court entertaining unexhausted claims, a petition containing such claims must be

17   dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.  For a California prisoner to

18   exhaust, he must present his claims to the California Supreme Court on appeal in a petition for

19   review or on post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536

20   U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*,

21   189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to

22   California Supreme Court in a petition for review).

23   ////

24   ////

25   ////

26   ////

1    It appears from the documents submitted by petitioner in his letter to the court that he is

2  conceding failure to exhaust the claims presented in his present habeas petition.  Accordingly, it

3  is hereby RECOMMENDED that this action be dismissed for failure to exhaust available state

4  court remedies before applying for habeas corpus relief in this court.

5    These findings and recommendations are submitted to the United States District Judge

6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

7  after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12 Dated:  May 1, 2008.

13

14    EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26